**884**

CITY OF ST. CHARLES, Appellant,

v.

Joe STEVENS, Respondent.

No. C3–84–826.

Court of Appeals of Minnesota.

Sept. 25, 1984.

Wayne L. Schauble, Lewiston, for appellant.

Robert R. Dunlap, Rochester, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY, and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

The City of St. Charles appeals a summary judgment upholding a settlement agreement between the city and Joe Stevens. We affirm.

## FACTS

In July 1983, the city sued Stevens, alleging he erected a metal fence on a city street. Stevens responded that the fence was on his property and that the city street wrongfully encroached upon his property. The city obtained a court order for temporary removal of the fence.

In January 1984, after several months of negotiations, the parties executed a settlement agreement and stipulation of dismissal. A few days later, a dispute arose between the parties as to the timing of the replacement of the fence. The agreement provided that the fence was to "be forthwith replaced at its former location." Stevens took the position that this language required the city to immediately re-erect the fence. The city contended that, under its understanding of the agreement, it was obligated to replace the fence only after moving and repainting the roadway. Such roadwork could not be done in the winter.

When the parties could not agree upon a date for re-erection of the fence, Stevens' attorney allegedly told the city's attorney to set a trial date. The city obtained a trial date on the original action.

Stevens moved for, and the trial court granted, summary judgment based on the signed settlement agreement.

## ISSUE

Is there a genuine issue of fact concerning the enforceability of the parties' settlement agreement?

## ANALYSIS

Summary judgment is appropriate when—

> * * * the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03; * * * The district court must view the evidence in the light most favorable to the nonmoving party, * * * and this court on appeal must view the evidence most favorably to the one against whom the motion was granted.

*Grondahl v. Bulluck,* 318 N.W.2d 240, 242 (Minn.1982) (citations omitted).

The city claims the trial court erred in granting summary judgment for two reasons. First, the city contends there was no meeting of the minds as to a material term of the contract. Any dispute between the parties about the meaning of "forthwith" has been mooted by Stevens' acquiescence to the city's interpretation. Therefore, we need not consider this argument.

Second, the city alleges that Stevens rescinded, repudiated or abandoned the agreement by telling the city to set a trial date and by failing to object when one was set. At best, the comment by defendant's counsel was gratuitous.

The proper procedure in such circumstances would have been for the city to move for vacation of the agreement. In *Amundson v. Cloverleaf Memorial Park Assn.,* 221 Minn. 353, 22 N.W.2d 170 (1946) the Supreme Court upheld the validity of a stipulation explaining:

> Both appellant and his attorney were present in court when the stipulation was made and acquiesced therein. There is no claim of fraud or mistake, and no motion was made by appellant in the court below to be relieved from the terms of the stipulation. * * * We cannot disregard the plain terms of the stipulation, absent, as here, a showing of fraud, mistake or some other justifiable reason for disregarding it.

*Id.* at 357, 358, 22 N.W.2d at 172.

■ Since the city proceeded on its action without moving to vacate the agreement, the issues of repudiation, rescission, and abandonment were not properly before the trial court.

In any case, the evidence does not support rescission.

> A repudiation by one party to a contract if acquiesced in by the other party is tantamount to a rescission. Whether a contract has been rescinded by mutual consent is a question for the trier of fact, but mutual abandonment, cancellation or rescission *must be clearly expressed, and acts and conduct of the parties to be sufficient must be positive, unequivocal, and inconsistent with the existence of the contract.*

*Desnick v. Mast,* 311 Minn. 356, 365, 249 N.W.2d 878, 884 (1976) (emphasis added).

■ Here, there is no clear, unequivocal evidence that Stevens intended to repudiate or abandon the settlement agreement. His attorney's somewhat hasty comment about going to trial suggests not that Stevens disavowed the agreement, but that he would consider going to court to enforce his interpretation of the agreement. Stevens moved for summary judgment when notified that the city intended to proceed on its original action. This indicates that he did not intend to repudiate or abandon the settlement agreement.

## DECISION

The parties have a valid, enforceable agreement. We affirm the trial court's summary judgment based on that agreement.

Affirmed.